IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DON DEWAYNE DOWELL,                    )
                                       )     Civil No. 05-1671-JE
          Petitioner,                  )
                                       )
     v.                                )
                                       )
JEAN HILL,                             )
                                       )     FINDINGS AND RECOMMENDATION
          Respondent.                  )

     Thomas J. Hester
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lester R. Huntsinger
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  He seeks to challenge the legality of his underlying state court sentence on the basis that he suffered from the ineffective assistance of counsel.  For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On January 22, 2002, petitioner pleaded no contest in the Marion County Circuit Court to Possession of a Short Barreled Shotgun and Possession of a Schedule II Controlled Substance. Respondent's Exhibit 104, p. 6.  At sentencing, the Circuit Court determined that petitioner's criminal history score placed him in Grid Block 6-A which called for a presumptive sentence of 25-30 months.  The prosecutor recommended that the court depart from the presumptive sentence upward to 60 months, and the court accepted this recommendation.  Respondent's Exhibit 105.

Petitioner filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims.  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Dowell v. Hill*, 200 Or.App. 142, 113 P.3d 991, *rev. denied*, 339 Or. 406, 122 P.3d 64.

2 - FINDINGS AND RECOMMENDATION

Petitioner filed his Petition for Writ of Habeas Corpus on November 3, 2005 raising several grounds for relief. Following the appointment of counsel, petitioner limits his argument to claims of ineffective assistance of counsel based on his trial attorney's alleged failure to: (1) object to an incorrect criminal history score and; (2) investigate and present evidence demonstrating the inaccuracy.

Respondent asks the court to deny relief on the Petition because petitioner's claims are procedurally defaulted, and the state court decisions denying relief on those claims are entitled to deference. Because the ineffective assistance of counsel claims petitioner argues in this proceeding fail on their merits, the court declines to decide the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## DISCUSSION

### I.    Expansion of the Record.

As an initial matter, petitioner offers Petitioner's Exhibits A-C to support his claims in this case. These Exhibits consist of three Oregon Judicial Information Network ("OJIN") printouts which were not offered to the PCR trial court for consideration.

Where, as here, a prisoner wishes to introduce new evidence in the absence of an evidentiary hearing, the evidentiary hearing

3 - FINDINGS AND RECOMMENDATION

requirements of 28 U.S.C. § 2254(e)(2) nevertheless apply. *Holland v. Jackson*, 124 S.Ct. 2736, 2738 (2004). Accordingly, if petitioner has failed to develop his claim in the state courts, he may only supplement the record if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(i) and (ii). He must also demonstrate that the facts underlying the claim are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Petitioner's OJIN records cover the convictions which, he claims, were improperly used to enhance his criminal history score in this case. These records were clearly available for production during petitioner's PCR trial. Because Petitioner's Exhibits A-C could have been produced during the PCR trial through the exercise of due diligence, and as petitioner cannot meet the other stringent requirements of 28 U.S.C. § 2254(e)(2), Petitioner's Exhibits should not be considered.

## II.  Unargued Claims.

There are a number of claims in the *pro se* Petition which respondent addressed in her Response, but which petitioner has not supported with any briefing. The court has nevertheless reviewed

petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."). Accordingly, relief on the unargued claims should be denied.

**III. Ineffective Assistance of Counsel.**

    **A.    Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B.    Analysis.**

In his remaining claims, petitioner alleges that his trial attorney failed to: (1) object to an incorrect criminal history score and; (2) investigate and present evidence demonstrating the inaccuracy. Respondent argues that petitioner's claims pertaining to counsel's alleged failure to investigate and present evidence of his proper criminal history score are not contained in the Petition for Writ of Habeas Corpus and should not be considered. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring all grounds for relief to be contained in the habeas petition). Because petitioner's claims are without merit, the court declines to exclude them on this procedural ground.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of

counsel.    First,  the  petitioner  must  show  that  his  lawyer's
performance  fell  below  an  objective  standard  of  reasonableness.
*Strickland v. Washington*, 466 U.S. 668, 686-687 (1984).  Due to the
difficulties  in  evaluating  counsel's  performance,  courts  must
indulge  a  strong  presumption  that  the  conduct  falls  within  the
"wide  range  of  reasonable  professional  assistance."  *Id* at 689.

Second, the petitioner must show that his lawyer's performance
prejudiced  the  defense.    The  appropriate  test  for  prejudice  is
whether  the  defendant  can  show  "that  there  is  a  reasonable
probability  that,  but  for  counsel's  unprofessional  errors,  the
result  of  the  proceeding  would  have  been  different."  *Id* at 694.
A  reasonable  probability  is  one  which  is  sufficient  to  undermine
confidence  in  the  sentence  petitioner  received.  *Id* at 696.

In  this  case,  petitioner  argues  that  the  trial  court
erroneously  used  his  prior  convictions  stemming  from  uncounseled
guilty  pleas  to  arrive  at  an  improperly  elevated  criminal  history
score  resulting  in  his  placement  in  Grid  Block  6-A.  As  a  result,
he  contends  that  the  upward  departure  sentence  which  the  court
ultimately  imposed  was  far  in  excess  of  what  he  could  have  received
had  the  court  properly  found  his  criminal  history  score  sufficient
to  place  him  in  the  lower  Grid  Block  6-I.  He  contends  that  the
convictions  arising  from  the  uncounseled  guilty  pleas  were  properly
excluded  in  a  separate  criminal  prosecution  against  him  in  Columbia

County, and that the sentencing judge in Marion County should have reached the same conclusion.

Oregon law does not permit the use of a guilty plea involving an invalid waiver of counsel in computing a criminal history score. At the time of petitioner's sentencing, the Oregon Supreme Court had held that if a defendant could show that a prior conviction was uncounseled, the burden shifted to the State to prove that counsel had been knowingly and voluntarily waived. *State v. Grenvik*, 291 Or. 99, 628 P.2d 1195 (1981). In 2005 (well after petitioner's sentencing and PCR trial), the Oregon Supreme Court held that the burden-shifting rule described in *Grenvik* was no longer good law, and concluded that it is the defendant who has the initial burden of proof to show that a prior waiver of counsel was not voluntary. *State v. Probst*, 339 Or. 612, 626, 124 P.3d 1237.

Even though the burden-shifting rule of *Grenvik* applied to his case, petitioner was still required to prove prejudice in his PCR action in order to prevail on his ineffective assistance of counsel claims. Specifically, he was required to show that the guilty pleas which he claims should not have been used in arriving at his criminal history score were not only uncounseled, but that he had not knowingly and voluntarily waived counsel in those prior cases.

In his PCR deposition, petitioner testified that his attorney in the Columbia County prosecution convinced the trial judge to omit from consideration at sentencing his misdemeanor Assault

convictions because "my Assault 4's I had never an attorney, I pled guilty at arraignment so they dismissed them.  And they said they couldn't use my juvenile record.  That's . . . what he told me, and the judge disallowed all three the DA up there was trying to use." *Id* at 6-7.  He then testified that his attorney from the Columbia County prosecution advised him to file his PCR action in this case and to allege that "'your defense lawyer failed to argue the sentencing on the grid block and so forth.'"  *Id* at 7.  He further recounted that the trial judge in Columbia County "said the DA couldn't use them up there because I had no defense, or no lawyer explained to me how they could use these later on at a later date, or something like that."  *Id.*

Petitioner's deposition testimony was the only evidence he offered to support the ineffective assistance of counsel claims at issue.  The State's attorney argued that PCR relief was not appropriate because petitioner bore the burden of proof, had approximately one year to develop evidence in support of his claim, and had produced only his own affidavit which was insufficient to prove his claim. Respondent's Exhibit 113, p. 26.  The PCR trial court made the following findings regarding petitioner's claims:

> But this issue around the invalidity of the misdemeanor convictions and the juvenile conviction to be used as part of the sentencing determination here, [the State's attorney is] entirely right.  The burden in this proceeding, where you're trying to show ineffective assistance of counsel is on petitioner and it would be necessary for the petitioner to come forward and to show, not only that these convictions were constitutionally

impaired in some fashion so that they could not be used
as a basis for computing his sentence, but in addition,
of course, would have to show that the attorney knew or
had some reason to know to explore these and did not do
so, knowing full well that there was some, at least
possibility here, that was (INAUDIBLE).

So, you know, first of all, even you felt -- even if
you believe the petitioner that he told her all about
this and she just ignored him, which I find to be fairly
hard to believe.  But even if you do believe that[,]
there's still no proof of the fact that these convictions
could not have been used.  So, without that, that claim
fails in any event.

Respondent's Exhibit 113, pp. 28-29.  In the Judgment, the PCR

trial judge wrote that the "evidence does not prove allegation in

the petition."  Respondent's Exhibit 114.

While petitioner offered the PCR trial court his deposition

testimony that his pleas were uncounseled, and accepting that

testimony as true, he failed to offer any evidence that he waived

counsel in those prior cases in a manner which was inconsistent

with constitutional requirements.  Because petitioner failed to

meet his burden of proof in the PCR trial, the PCR trial court did

not unreasonably apply *Strickland* to the facts of his case when it

denied relief.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of

Habeas Corpus (#1) should be DENIED, and judgment should be entered

dismissing this case with prejudice.

///

///

10 - FINDINGS AND RECOMMENDATION

## <u>SCHEDULING ORDER</u>

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  <u>1st </u> day of May, 2008.


<u>      /s/ John Jelderks          </u>
John Jelderks
United States Magistrate Judge